IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY WASHINGTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 02-cv-0652-MJR |

### ORDER DENYING PETITION AND CLOSING CASE

**REAGAN, District Judge:**

On December 8, 1997, Petitioner was found guilty of conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base in violation of **21 U.S.C. §§ 846** and **841(a)(1)**. The Honorable Judge Paul E. Riley presided at Petitioner's trial. On May 29, 1998, petitioner was sentenced to 188 months incarceration. Petitioner's conviction was affirmed on appeal but the case was remanded for re-sentencing. *See United States v. Washington*, **184 F.3d 653 (7th Cir.1999).** On remand, the case was reassigned to the Honorable Judge William L. Beatty, who re-sentenced Washington to 188 months' incarceration. Once again petitioner appealed, and argued "that he should receive a new trial because Judge Riley suffered from a medical disability that may have undermined the fairness of his trial, and because the government did not allege or prove beyond a reasonable doubt the amount of drugs involved in the conspiracy under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)." **U.S. v. Washington, 5 Fed. Appx. 473 (7th Cir. 2001).** In affirming Petitioner's sentencing, the Seventh Circuit found that, since petitioner's sentence was less than the 20-year statutory maximum that can be imposed for distributing the smallest amounts of crack cocaine, *Apprendi* did not apply. Additionally, the Seventh Circuit found that petitioner's claim that

he was entitled to a new trial because Judge Riley suffered from a medical disability that undermined the fairness of his trial, should be brought in a 28 U.S.C. § 2255 motion. ***Id.***

Petitioner filed that motion, and now this matter is before the Court on the Petitioner's motion for relief pursuant to **28 U.S.C. § 2255** (Doc.1). Petitioner claimed four reasons why his conviction should be vacated. Two of these claims were denied by the undersigned District Judge on January 29, 2004 and one was withdrawn by Petitioner (Doc. 5). One claim remains: that the now-deceased Honorable Judge Paul Riley did not properly discharge his duties in conducting the trial because he was "cognitively challenged" at the time of trial and/or sentencing and because he had improper *ex parte* communications with the jury during the trial. In support of his allegations, Washington attaches several newspaper articles from the *St. Louis Post-Dispatch*.

Initially, Washington alleges that Judge Riley was "cognitively challenged" during the trial of this case because Washington's first appeal resulted in a remand for re-sentencing, a co-petitioner's appeal resulted in a remand for a new trial, and the Judge misconstrued the sentencing guidelines. Taken to its logical conclusion, Washington's claim would be that every judge ever reversed at the appellate level meets this tortured definition of "cognitively challenged." Such is not the case. A trial judge can be reversed at the circuit level because of an error in law that is not the product of a cognitive disability. Moreover, a trial judge can be reversed by an error in law made by the circuit court that was not appealed further up the judicial totem pole. Importantly, after remand for re-sentencing, Judge Beatty imposed the *same* sentence previously imposed by Judge Riley, and Washington did not make a similar allegation as to Judge Beatty. The record is void of information and Petitioner cites nothing from the record of the trial in this case to suggest that an attorney for any of the parties in the trial had any reason to believe that Judge Riley was acting in

a manner which suggested that he was "cognitively challenged." Any competent attorney would raise such grounds in an objection–and that did not occur. This is especially significant when considered with the fact that Washington has withdrawn his allegation that his trial counsel was ineffective. Petitioner's contention that Judge Riley was "cognitively challenged" lacks any support or foundation in the record, amounting to rank speculation. To obtain relief pursuant to § 2255, "[s]uppositions....cannot carry the day, as conclusory allegations do not suffice." ***Prewitt v. United States*, 83 F.3d 812, 819-820 (7th Cir.1996);** ***United States v. Canoy*, 38 F.3d 893, 902 (7th Cir. 1994).** Petitioner has offered this Court only baseless suppositions as to Judge Riley's medical condition, offering no medical or other support for his allegations, so his request for collateral relief on this ground must fail.

The next argument petitioner advances is that because it is known that Judge Riley had *ex parte* communications with jurors in other cases, petitioner is entitled to relief in this case. Petitioner admits that "there is no evidence that Judge Riley had *ex parte* communication with jurors in [Petitioner's] case, but alleges that since there is no evidence that the Judge did NOT have *ex parte* communications, a new trial is warranted. This argument evidences that petitioner misunderstands the burden that he bears in a § 2255 proceeding. ***See Owen v. Duckworth*, 727 F.2d 643, 646 (7th Cir. 1984)(petitioner bears burden of proving extraneous contact with jury)**. It is "well settled" that petitioner bears the burden of establishing that an extrinsic contact with the jury in fact occurred. ***See United States v. Caporale*, 806 F.2d 1487, 1503 (11th Cir. 1986),** *cert. denied***, 482 U.S. 917 (1987).**

Since evidence is completely lacking that Judge Riley was "cognitively challenged"

3

during the trial in this case or that Judge Riley had *ex parte* communications with Petitioner's jury, relief is denied under § 2255 on the lack of due process grounds and no hearing is necessary. *See Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002).

In conjunction with the Court's order at Doc. 5, the instant order disposes of petitioners § 2255 filing in its entirety. The Court hereby **DENIES** the petition (Doc. 1) and **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED.**

**DATED this 31st day of March, 2006.**

                                              **s/Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**